IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SHORE OPTIONS INC. d/b/a REMAX, | |
| Plaintiff, | Civil No. 20-03835 (RBK/JS) |
| v. | **OPINION** |
| GREAT AMERICAN INSURANCE GROUP AND ABC CORPORATIONS 1–5, | |
| Defendants. | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff's Motion for Reconsideration (Doc. 17). For the reasons contained herein, the Motion for Reconsideration is **DENIED**.

**I.   BACKGROUND**

This action arises out of an insurance coverage dispute. Plaintiff Shore Options, Inc. d/b/a Remax ("Shore Options") is a real estate office selling residential real estate in New Jersey. (Doc. 1-1, "Compl." at 1[1].) On December 10, 2019, a Shore Options agent met with an individual, A. Grey LeCuyer, at one of Shore Options' properties. (*Id.* at 2.) The property had a lockbox on the door. (*Id.*) The Shore Options agent allowed Mr. LeCuyer access to the property and escorted him around the first floor. (Doc. 1-1, Ex. B, "LeCuyer Compl. at 3.) The agent then escorted Mr. LeCuyer to the basement door. (*Id.*) Mr. LeCuyer began descending the stairs, however, when Mr. LeCuyer stepped onto the last step, the step snapped in half and collapsed. (*Id.*) Mr. LeCuyer was

---

[1] Because the paragraph numbers in the Complaint are repeated, the Court instead refers to page numbers for clarity.

injured. (*Id.*) Soon after, Mr. LeCuyer filed suit in New Jersey state court against Shore Options, in a case captioned *LeCuyer v. M & T Bank, et al.* Mr. LeCuyer claims that his damages include "severe and permanent personal injuries, including . . . a fracture of the right fifth metatarsal with delayed and improper healing," "great mental and physical pain and suffering," the possibility of needing to "expend large sums of money for medical care related to his injuries," as well as "substantial wage loss." (*Id.* at 8.)

Upon receiving notice of the action in *LeCuyer*, Shore Options sought coverage for the claim from its insurer, Defendant Great American Insurance Group ("Great American"), pursuant to their Real Estate Professional Errors and Omissions Insurance Policy (Doc. 1-1, Ex. A, "the Policy"). The Policy provides coverage for the following:

> [A]ll sums . . . that the Insured becomes legally obligated to pay . . . as a result of a Claim . . . by reason of an act or omission, including Personal Injury, in the performance of Real Estate Professional Services by an Insured, including any Drone Claims, Lock Box Claims or Open House Claims[.]

(*Id.* at 1.) The Policy defines "Personal Injury" as "injury other than Bodily Injury arising out of one or more [enumerated] offenses by reason of an act or omission by an Insured in the performance of Real Estate Professional Services." (*Id.* at 4.) Thus, the Policy excludes Bodily Injury from coverage. The Policy defines "Bodily Injury" as "physical injury . . . sustained by any person" including "mental illness, mental anguish, emotional distress, pain, suffering, or shock[.]" (*Id.* at 1.)

The Policy includes three exceptions to the exclusion of "Bodily Injury" claims: "Drone Claims," "Lockbox Claims," and "Open House Claims." For purposes of these motions, the only relevant exception is the exception for lockbox claims. This exception applies to "any Claim arising out of an Insured's distribution, maintenance, operation[,] or use of a keyless entry system

2

or similar device used to gain access when showing properties[.]" (*Id.* at 3.) Such claims are not excluded from the Policy.

Great American denied Shore Options' request for coverage, citing the Policy exclusions. Shore Options consequently filed this suit in the Superior Court of New Jersey, seeking a declaratory judgment stating that Great American is obligated to provide coverage for the claims asserted by Mr. LeCuyer in *LeCuyer v. M & T Bank, et al*. Great American removed the case to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332(c), and subsequently filed a motion to dismiss.

On September 21, 2020, this Court issued an Opinion and Order granting Defendant's Motion to Dismiss. The Court found that Great American was not obligated to provide coverage for the claims because the claims fell within the Policy's "Bodily Injury" exclusion. (Op. at 10.) The Court subsequently found that no exception to the exclusion applied because "nothing in Mr. LeCuyer's Complaint or Shore Options' Complaint indicate[d] that Mr. LeCuyer's bodily injury arose out of his use or operation of the lockbox system." (Op. at 11.) Accordingly, because the claim was excluded and no exceptions to the exclusion applied, the Court found that "Great American [was] not obligated or required to provide coverage under the terms of the Policy" and granted the Motion to Dismiss the claim for declaratory relief. (Op. at 12.) The Court similarly dismissed the "bad faith" claim because Great American was not obligated to provide coverage under the terms of the policy. (Op. at 12.) On October 5, 2020, Plaintiff filed the present motion, seeking reconsideration of the Court's order and opinion. (Doc. 17, "Mot. for Reconsideration.")

## II. LEGAL STANDARD

### A. Motion for Reconsideration

Motions for reconsideration are governed by Local Civil Rule 7.1(i), which allows a party to seek reconsideration by the Court in matters in which the party believes the judge has "overlooked." *See Carney v. Pennsauken Twp. Police Dep't*, Civ. No. 11–7366, 2013 WL 4501454, at *1 (D.N.J. Aug. 21, 2013) (citations omitted). "The standard for reargument is high and reconsideration is to be granted only sparingly." *Yarrell v. Bartkowski*, No. 10–5337, 2012 WL 1600316, at *3 (D.N.J. May 7, 2012). To be successful on a motion for reconsideration, a petitioner has the burden to demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex. rel. Lou–Ann v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "The word 'overlooked' is the operative term in the Rule." *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001). The Court will grant a motion for reconsideration only where it overlooked a factual or legal issue that may alter the disposition of the matter. *See United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999); L. Civ. R. 7.1(i).

## III. DISCUSSION

### A. Motion for Reconsideration

Shore Options seeks reconsideration of the Court's Opinion on two grounds: (1) Shore Options believes that the Court erred in its interpretation of the Policy; and (2) new evidence is available which supports Shore Options' claim. The Court addresses each argument in turn.

First, Shore Options argues that the Court erred in its interpretation of the Policy. Shore Options asserts that "the Court found that the 'lockbox' exclusion in the subject policy did not

4

trigger bodily injury coverage [] because Mr. Le[C]uyer was not injured by the lockbox itself." (Mot. at 5.) This assertion is incorrect. The Court did not find that the claim was excluded "because Mr. Le[C]uyer was not injured by the lockbox itself." Rather, after reviewing the Complaint, the Court found that "Mr. LeCuyer's bodily injury [did not] ar[i]se out of his use or operation of the lockbox system," and "there [was] no indication that there [was] any causal connection between the lockbox and Mr. LeCuyer's injury." (Op. at 11.) Therefore, the Court concluded that "Mr. LeCuyer's physical and mental injuries [we]re entirely unrelated to any use or operation of the lockbox on the property, and the Lockbox Exception d[id] not apply." (Op. at 11.) Shore Options misreads the Court's Opinion, cherry-picking language that does not reflect the Court's overall interpretation of the Policy. Even so, the Court is still unconvinced that the Lockbox Exception should apply merely because a lockbox existed on the property itself. Rather, there is no indication that the lockbox had *any* relation whatsoever to the ultimate claim—Mr. LeCuyer's bodily injury. Shore Options fails to direct this Court to any contravening case law, Policy language, or other materials which would dictate a different outcome. Accordingly, the Court rejects this argument.

Second, Shore Options argues that new evidence proves that the claim arose out of the use of a lockbox, and therefore the Lockbox Exception applies. (Mot. at 6.) The "new evidence" includes two witness depositions, which "confirmed that the property was accessed by way of a lockbox." (Mot. at 7.) Shore Options again misses the point. Under the Court's interpretation of the plain language of the Policy, it is immaterial that the real estate agent who showed Mr. LeCuyer the property accessed the property by unlocking the door via a lockbox. Ultimately, the events giving rise to Mr. LeCuyer's bodily injury had *no relation* to the fact that the property was accessed via a lockbox. Under Shore Options' interpretation of the Policy, nearly every act that occurred inside a home that was accessed via a lockbox would be included in the Policy. Such a reading

would require the Court to essentially rewrite Shore Options' Policy in a way that reads out its exclusions, effectively giving Shore Options "a better policy of insurance than the one purchased." *Buczek v. Continental Cas. Ins. Co.*, 378 F.3d 284, 288 (3d Cir. 2004) (citing *Vassiliu v. Daimler Chrysler Corp.*, 839 A.2d 863, 867 (N.J. 2004)). The Court declines to do so, as this would contravene binding Third Circuit and New Jersey law regarding insurance interpretation. Accordingly, the Court rejects Shore Options' argument.

## IV. CONCLUSION

For the reasons expressed above, the Motion for Reconsideration is **DENIED**. An accompanying Order will issue.

Dated: 5/25/2021

/s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge